# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY

JARED PIAGGIONE,

*Plaintiff,*

v.

CVS Health Solutions LLC
d/b/a AETNA

*Defendant.*

Index No.

**Summons**

Venue is based on CPLR § 503(a)

TO: CVS Health Solutions, L.L.C., d/b/a/ AETNA
c/o CT Corporation System
28 Liberty Street
New York, NY, 10005

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgement will be taken against you by default for the relief demanded in the complaint. This is an action for breach of contract.

Dated: Albany, New York
October 7, 2026

By: ______________________
Digitally signed by PIAGGIONE.JARED.JAMES.1536259925
Date: 2026.10.07 09:02:05 -04'00'

Jared Piaggione
1009 DiBella Dr.
Schenectady, NY 12303
Telephone (518) 429-4917
E-mail: jpiaggione@gmail.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY

| | |
|---|---|
| JARED PIAGGIONE,<br><br>*Plaintiff*,<br><br>vi.<br><br>CVS Health Solutions LLC<br>d/b/a AETNA<br><br>*Defendant*. | Index No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff Jared Piaggione, as and for his Verified Complaint ("Complaint") against Defendant CVS Health Solutions, L.L.C., (d/b/a) AETNA alleges as follows:

**I. PARTIES**

1. The Plaintiff Jared Piaggione, is a resident of Albany County within the State of New York. Mr. Piaggione resides at 1009 Di Bella Drive, Schenectady, NY, 12303 in Albany County, New York.

2. Upon Information and belief, Defendant CVS Health Solutions, L.L.C., is a limited liability company organized under the State of Delaware, registered to do business in the State of New York with a place of business located at 28 Liberty Street, New York, NY, 10005.

**II. JURISDICTION AND VENUE**

3. Jurisdiction and venue are proper in Albany County because AETNA conducts business from its office in the county, and because Plaintiff resides in the county.

## III. FACTUAL BACKGROUND

4. Plaintiff Piaggione is, and was, a subscriber to Defendant's health insurance unit (herein "Defendant" or "AETNA"), specifically to the family AETNA Open Access Plan in calendar year 2025 (herein "Plan" and unless specified otherwise, Plan refers to calendar year 2025).

5. Plaintiff subscribed to the Plan for a number of years previous to, and during the entirety of the calendar year 2025, when the costs in dispute were incurred.

6. The Plan contains numerous terms and restrictions, all of which were dictated entirely by Defendant without any consideration or input from the Plaintiff.

7. The Plan explicitly set an annual $12,000 maximum out-of-pocket expense for subscribers like Plaintiff.

8. The Plaintiff incurred $31,194.01 in out-of-pocket expenses for health care in the calendar year 2025.

9. Plaintiff spent countless hours trying to rectify the obvious error with Defendant. Defendant has made numerous excuses or arguments about individual claims but refuses categorically to address the issue as a whole. Defendant's internal appeal process likewise failed to provide any kind of notice or resolution and instead required that Plaintiff file at least 280 separate appeals to rectify this clear error. Appeals can only be made with certified mail and in paper, leaving Plaintiff to incur at least an additional $2,000 in mailing costs alone to accommodate Defendant's preferences.

10. In numerous communications with Defendant, both written and oral, the excuses for not reimbursing Plaintiff have continued to change, and continue to defy basic sense

– for example, stating that they discontinued coverage for certain health care without informing Plaintiff and in direct conflict to their brochure of covered procedures.

11. Taken as a whole, Defendant's conduct has repeatedly sought to delay, stymie, or arbitrarily deny Plaintiff his rightful reimbursement through bizarre inconsistencies, deceptive responses, procedural games, and stonewalling.

12. On July 1, 2026 Plaintiff sent Defendant a demand letter asking for one final consideration before this suit became absolutely necessary. An acknowledgement letter was received from the service recipient, but no response whatsoever was provided.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FOR BREACH OF CONTRACT CLAIM FOR RELIEF**

13. Plaintiff reincorporates the allegations set forth in paragraphs 1-12 as if fully set forth herein.

14. AETNA is liable to Plaintiff for breach of contract. The parties entered into a valid and enforceable Agreement by virtue of Plaintiff's enrollment in Defendant's AETNA Open Access HMO Family Plan.

15. Under the clear and unambiguous terms of the Agreement, the Plan had a $12,000 out-of-pocket maximum, after which "you will not pay cost-sharing for services covered between January 1 and the effective date of coverage under your new plan."

16. In 2025, Plaintiff incurred $31,194.01 in health care expenses that are covered, or at least should have been covered, by the Plan.

17. Plaintiff made numerous requests for reimbursement, orally and in writing, even offering for expediency to set aside potentially contestable items and redeem agreed upon expenses alone. Defendant nonetheless however refused to honor its contractual obligation to

provide reimbursement of the out-of-pocket fees in excess of $12,000 incurred during 2025. Consequently, Defendant is in breach of contract.

18. As a result of Defendant's breach of contract, Plaintiff has been damaged in the amount of $19,194.01 plus interest.

**AS AND FOR A SECOND (ALTERNATIVE) CAUSE OF ACTION**
**FOR UNJUST ENRICHMENT**

19. Plaintiff reincorporates the allegations set forth in paragraphs 1-18 as if fully set forth herein.

20. In the alternative, AETNA is liable to Plaintiff for unjust enrichment. As a result of AETNA's refusal to reimburse Plaintiff in accordance with the terms of the Agreement they dictated, AETNA was enriched by the an amount of $19,194.01 plus interest in failing to reimburse Plaintiff for his rightfully incurred expenses. AETNA has not, and can not provide Plaintiff with the value and purpose for which Plaintiff paid the $5,930.86 in annual premiums, when AETNA refuses to honor its own terms by denying Plaintiff's requests for reimbursement.

21. As a result, AETNA has been unjustly enriched at the expense of Plaintiff, to the extent of $25,124.87 with $19,194.01 in wrongfully withheld funds and $5,930.86 in premiums paid in accordance with the Agreement, the terms of which were disavowed by the Defendant.

**AS AND FOR A THIRD (ALTERNATIVE) CAUSE OF ACTION**
**FOR MONEY HAD AND RECEIVED**

16. Plaintiff reincorporated the allegations set forth in paragraphs 1-21 as if fully set forth herein.

17. In the alternative, AETNA is liable to Plaintiff for money had and received. AETNA received payment of money from Plaintiff from which AETNA benefited, and it is

against equity and good conscience for AETNA to retain such money and benefits. Upon information and belief, AETNA used money paid by Plaintiff to further their business interests, including frustrating Plaintiff's efforts to seek rightful reimbursement, as opposed to the purpose and intent of the Agreement to set the maximum amount of out-of-pocket costs for a year, and reimburse costs incurred in excess of that amount.

18. As a result, AETNA holds money that in equity and good conscience should be returned to Plaintiff in the amount of $25,124.87.

WHEREFORE, Plaintiff requests that the Court enter judgement against Defendant CVS Health Solutions, L.L.C., (d/b/a) AETNA, in the amount of $25,124.87, together with pre- and post-judgement interest as allowed by law; costs and disbursements of the action, and such other and further relief as the Court deems just and proper.

Dated: October 7, 2026

Respectfully submitted

By: ______________________ Digitally signed by PIAGGIONE.JARED.JAMES.1536259925 Date: 2026.10.07 09:02:35 -04'00'

Jared Piaggione
1009 DiBella Dr.
Schenectady, NY 12303
Telephone (518) 429-4917
E-mail: jpiaggione@gmail.com
NYS Registration 4682258
Submitted Pro Se